Docket No. 10-56573

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

TRACEY HAMPTON-STEIN;
TRACEY HAMPTON-STEIN, as trustee of TAJ STEIN TRUST,
TRACEY HAMPTON-STEIN, as guardian of MICHELLE JAYLA STEIN

*Plaintiffs-Appellants*

v.

AVIATION FINANCE GROUP, LLC;
AVIATION SECURITIZATION, LLC;
HAWLEY TROXELL ENNIS & HAWLEY, LLP;
JOHN F. KURTZ, JR., STEVEN S. SCHOSSBERGER, and JERRY DUNN;

*Defendants-Appellees*

On Appeal From an Order of the
United States District Court
for the Central District of California, Western Division
Hon. R. Gary Klausner

## APPELLEES' CORRECTED ANSWERING BRIEF

Byron S. Hollins
Laura M. Levy
HOLLINS & LEVY LLP
23801 Calabasas Road, Suite 100
Calabasas, CA 91301
818.223.0300
*Attorneys for Appellees*

# CORPORATE DISCLOSURE STATEMENT

This statement is made pursuant to Federal Rule of Appellate Procedure rule 26.1.

Defendants-appellees John F. Kurtz, Steven F. Schossberger, and Jerry Dunn are individuals.

Defendant-appellee Hawley Troxell Ennis & Hawley LLP is a limited liability partnership and has no parent corporation, subsidiaries or affiliates that have issued shares to the public.

Defendant-appellee Aviation Finance Group, LLC, is an Idaho limited liability company. The Prudential Insurance Company of America owns approximately 30% of Aviation Finance Group. "Prudential Financial" is the service mark for The Prudential Insurance Company of America. According to Prudential Financial, Inc.'s on-line corporate information, The Prudential Insurance Company of America is a Prudential Financial, Inc., company. Prudential Financial, Inc., has issued shares to the public.

Defendant-appellee Aviation Securitization, LLC, is an Idaho limited liability company and is a subsidiary of Aviation Finance Group, LLC.

Dated: April 13, 2011                    HOLLINS & LEVY LLP


                                         By:  s/ _____
                                              Byron S. Hollins
                                              Attorneys for Defendants/Appellees

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT............................ i

TABLE OF AUTHORITIES........................................ iv

INTRODUCTION............................................... 1

JURISDICTION. .............................................. 2

ISSUES PRESENTED FOR REVIEW............................... 2

STATEMENT OF THE CASE..................................... 4

STATEMENT OF RELEVANT FACTS. ............................ 5

    The Underlying Transaction and Idaho Litigation. ................. 5

    The Underlying LASC Litigation.............................. 6

    Proceedings Before the Court Below .......................... 7

SUMMARY OF ARGUMENT.................................... 8

LEGAL ARGUMENT.......................................... 9

1.    THIS APPEAL IS PREMISED UPON APPELLANTS'
    MISSTATEMENTS OF THE RECORD, LAW AND FACTS AS
    WELL AS APPELLANTS' CONCESSIONS THAT THE ABUSE
    OF PROCESS AND IIED CLAIMS HAD NO MERIT.. ............ 9

2.    THE COURT BELOW ACTED WITHIN ITS DISCRETION
    WHEN IT ALLOWED THE ANTI-SLAPP MOTION TO GO
    FORWARD.. ........................................... 11

    a.    CCP §425.16's Sixty Day Rule. ......................... 11

    b.    Local Rule 7-3...................................... 12

3.    THE EVIDENCE BEFORE THIS COURT SHOWS THAT
    HAMPTON-STEIN CANNOT ESTABLISH A PROBABILITY
    THAT APPELLANTS WILL PREVAIL ON THEIR
    "MALICIOUS PROSECUTION" CAUSE OF ACTION.. .......... 13

a.  Appellees' Alleged Actions Were for a Legitimate Purpose, the Pursuit and Collection on a Debt and an Idaho Judgment, and Therefore Do Not Support Appellants' Claim That Appellees Acted with Malice. . . . . . . . . 15

b.  Appellants Failed to Submit Any Competent Evidence to Show What Appellees Knew and When, or That Appellees Continued to Prosecute the Fraudulent Conveyance Case after Discovering That the Claim Lacked Merit.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

STATEMENT OF RELATED CASES.. . . . . . . . . . . . . . . . . . . . . . . . . . . 22

ADDENDUM TO APPELLEES' ANSWERING BRIEF. . . . . . . . . . . . . . 23

PROOF OF SERVICE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

# TABLE OF AUTHORITIES

### *Federal Cases*

*Metabolife Int'l v. Wornick*

    264 F.3d 832 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*New.Net, Inc. v. Lavasoft*

    356 F.Supp.2d 1090 (2004).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Warren*

    601 F.2d 471 (9th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 13

### *California Cases*

*Downey Venture v. LMI Ins. Co.*

    66 Cal.App.4th 478 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Drummond v. Desmarais*

    176 Cal.App.4th 439 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Flatley v. Mauro*

    39 Cal.4th 299 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Kajima Eng. & Const., Inc. v. City of Los Angeles*

    95 Cal.App.4th 921 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Kunysz v. Sandler*

    146 Cal.App.4th 1540 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Navellier v. Sletten*

    29 Cal.4th 82 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Olsen v. Harbison*

    134 Cal.App.4th 278 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Paulus v. Bob Lynch Ford, Inc.*

    139 Cal.App.4th 659 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Philipson & Simon v. Gulsvig*

  154 Cal.App.4th 347 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Platypus Wear Inc. v. Goldberg*

  166 Cal.App.4th 772 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Sheldon Appel Co. v. Albert & Oliker*

  47 Cal.3d 863 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Simmons v. Allstate Ins. Co.*

  92 Cal.App.4th 1068 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Wilson v. Parker, Covert & Chidester*

  28 Cal. 4th 811 (2002).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Woodcourt II Limited v. McDonald Company*

  119 Cal.App.3d 245 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

*Zamos v. Stroud*

  32 Cal.4th 958 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

### Federal Statutes

28 USC §1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 USC §1332. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

### California Statutes

*Civil Code* section 47. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9

*Code of Civil Procedure* section 425.16. . . . . . . . . . . . . . . . . 1, 2, 3, 11, 14, 20

### Rules

Federal Rule of Appellate Procedure rule 26.1. . . . . . . . . . . . . . . . . . . . . . . . . i

Federal Rule of Appellate Procedure rule 32. . . . . . . . . . . . . . . . . . . . . . . 21

Ninth Circuit rule 32-1.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Local Rule 7-3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,13

# INTRODUCTION

Plaintiffs/appellants Tracy Hampton-Stein[1] (collectively "Hampton-Stein") appeal from the court below's order granting defendants/appellees' special motion to strike appellants' complaint as a Strategic Lawsuit Against Public Participation under California *Code of Civil Procedure* section 425.16.

The facts, evidence and legal arguments before the court below left it no alternative but to properly find:

- Hampton-Stein had no probability of prevailing on the first cause of action for malicious prosecution, and the element of malice in particular, because Hampton-Stein's proffered facts did not establish an improper motive for the initiation and prosecution of the underlying litigation.

- Hampton-Stein had no probability of prevailing on the second cause of action for abuse of process because that claim was predicated upon the recording of a *lis pendens*, which "does not constitute a 'process' for the purpose of an action for abuse of process." *Woodcourt II Limited v. McDonald Company*, 119 Cal. App. 3d 245, 252 (1981).

- Hampton-Stein and her daughter had no probability of

---

[1] Hampton Stein sued and appeals as an individual, as trustee of the TAJ Stein Trust, and as guardian *ad litem* for her minor daughter, Michelle Jayla Stein.

prevailing on the third cause of action for "intentional infliction of emotional distress," because they had no evidence of outrageous behavior and the alleged communications upon which that claim was based were absolutely privileged under *Civil Code* section 47(b).

As set forth below, the order granting appellees' anti-SLAPP motion and dismissing appellants' case should be affirmed.

# JURISDICTION

The court below had original jurisdiction under 28 USC §1332(a)(1) to entertain this matter because diversity exists between the parties and the amount in controversy exceeds $75,000.00.

The Ninth Circuit Court of Appeals has jurisdiction to entertain this appeal pursuant to 28 USC §1291 and California *Code of Civil Procedure* section 425.16(i).

The court below entered its final order on October 1, 2010. Appellants filed their notice of appeal on October 5, 2010.

# ISSUES PRESENTED FOR REVIEW

This appeal raises the following issues:

**1.     Did the court below abuse its discretion by relieving appellees of their failure to comply with Local Rule 7-3 by its finding that any such meet and confer would have been futile?**

**Standard of review:**  The application and enforcement of the local rules rests within the exercise of discretion of the trial court.

*United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979).

The issue is addressed at Appellants' Excerpts of the Record ("AER") pp. 34-35 and 48:9-25, and decided at AER p. 12, fn. 4.

**2.      Did the court below abuse its discretion by entertaining appellees' special motion to strike appellants' complaint even though it was filed more than 60 days after service was effected on appellees?**

**Standard of review:**  On its face, section 425.16(f) provides that an anti-SLAPP motion "**may** be filed within 60 days of the service of the complaint or, **in the court's discretion at any later time upon terms it deems proper**."  [Emphasis added.]

The issue is addressed at AER pp. 23:1-24:17 and 48:26-50:10, and decided at AER pp. 12-13.

**3.      Did appellants establish a probability that they will prevail on their first cause of action for malicious prosecution?[2]**

**Standard of review:**  The standard of review of an order granting or denying an anti-SLAPP motion is de novo.  *Flatley v. Mauro*, 39 Cal.4th 299, 325-326 (2006).

> "The reviewing court considers the pleadings, and supporting and opposing affidavits . . . upon which the liability or defense is based but does not weigh credibility nor compare the weight of the evidence.  The reviewing court accepts as true the evidence favorable to the plaintiff and evaluates the defendant's evidence only to determine if it has defeated the plaintiff's evidence as a matter of law." *Id.*

---

[2]      Appellants concede that they failed to carry their burden of establishing a probability that they would prevail on the second and third causes of action for abuse of process and IIED.

The issue is addressed at AER pp. 24:18-27:21, 52:15-57:6, and 114:14-16, and decided at AER pp. 13-14.

Pursuant to Ninth Circuit rule 28-2.7, appellees have attached an addendum to this brief, setting forth the substance of *Civil Code* section 47, *Code of Civil Procedure* section 425.16, and local rule 7-3.

## STATEMENT OF THE CASE

The appellants are Tracy Hampton-Stein, as an individual and in her capacities as Trustee of the TAJ Trust ("the Trust") and as guardian *ad litem* for Michelle Jayla Stein ("Jayla"), a minor (collectively "Hampton-Stein" or "appellants").

The appellees are defendants Aviation Finance Group, LLC ("AFG"), Hawley Troxell Ennis & Hawley, LLP ("Hawley Troxell") (the law firm that represented AFG in its efforts to collect on a defaulted loan and resulting default judgment against Hampton-Stein), Hawley Troxell lawyers John F. Kurtz, Jr. ("Kurtz") and Steven F. Schossberger ("Schossberger"), and layperson Jerry Dunn ("Dunn") (whom appellants allege was AFG's CEO) (collectively, "appellees").

Hampton-Stein appeals from the court below's October 1, 2010, order granting appellees' special motion to strike Hampton-Stein's complaint as a SLAPP suit, pursuant to CCP §425.16.

The court below found that the conduct complained of was for a legitimate purpose, collection on a debt and sister state judgment, and that appellants had no probability of prevailing on any of their three causes of action.

Hampton-Stein does not contest that the complaint, in its entirety, was properly the subject of an anti-SLAPP motion.

Hampton-Stein does not contest the court below's findings that appellants had no probability of prevailing on two of the causes of action, "abuse of process" arising from the recording of a *lis pendens* and "intentional infliction of emotional distress," arising from communications and other conduct related to appellees' efforts to collect on the underlying judgment.

Hampton-Stein does challenge the court below's exercise of its discretion to entertain the anti-SLAPP motion and its finding that appellants failed to show a probability that they could establish malice, a necessary element of their remaining cause of action for "malicious prosecution."

Appellees contend that the court below did not abuse its discretion, that its findings that Hampton-Stein could not prevail on any of the causes of action were supported by the facts, evidence and law, and that the order granting appellees' anti-SLAPP motion should be affirmed.

## STATEMENT OF RELEVANT FACTS

### *The Underlying Transaction and Idaho Litigation*

Appellant Tracey Hampton-Stein personally guaranteed a $4.85 million dollar loan for the purchase of an aircraft. (Docs 8-1, ¶6, and 8-5, SER, pp. 151:3, 260-262.)

In 2008, the borrower (plaintiff's "single purpose entity, Trayton Aviation, LLC"[3]) defaulted on the loan and never cured the default. (Doc 8-1, ¶13, SER, p. 152:8-11.)

---

[3]     Doc 1-1, Complaint, exhibit "A," ¶21, AER p. 125:21-22.

- 5 -

Represented by Hawley Troxell, AFG proceeded with a legal action in the Idaho state court and obtained a default judgment against Tracey Hampton-Stein in the amount of $2,121,029.73, plus a per diem of $408.13 accruing between May 4, 2009 and the date of entry of the judgment, plus costs of $386.00 and $38,397.50 in attorney's fees. (Docs 8-1 - 8-3, SER, pp. 149-155, 247-256.) The judgment also provided that AFG was entitled to possession of the aircraft itself. (Appellants' Opening Brief ("AOB"), p. 5, Docs 8-2, SER, p. 249.)

### The Underlying LASC Litigation

After AFG won the Idaho judgment against Hampton-Stein, AFG filed two actions in the Los Angeles Superior Court.

The first case was a special action, *Aviation Finance Group, LLC v. Trayton Aviation, LLC, et al.* (LASC case no. LS019062) in which AFG successfully sought entry of a sister state judgment based upon the Idaho judgment against Hampton-Stein. (Docs 8-2 - 8-4, and 8-6, SER, pp.247-258, 264.)

On August 14, 2009, the Los Angeles Superior Court issued the sister state judgment, in the total sum of $2,198,935.58, plus interest. (Doc 8-4, SER, p. 258.)

AFG learned that Hampton-Stein had encumbered real property Hampton-Stein owned in Hidden Hills, California. The property was believed to have a value of $4.8 million, against which Hampton-Stein had signed two deeds of trust offering the Hidden Hills property as security against two loans, one for $3.865 million and the other for $1 million. (Doc 8-1, ¶¶ 9-10, SER, p. 151:16-25.)

Thereafter, Hampton-Stein executed a quitclaim deed, transferring her interest in the Hidden Hills property to the Taj Stein Trust. (Doc 8-1, ¶¶ 11-12, SER, pp. 151:26-152:7.)

- 6 -

On September 19, 2009, in furtherance of its efforts to collect on the sister state judgment, AFG filed the underlying fraudulent conveyance action against Hampton-Stein, *Aviation Finance Group, LLC, etc., et al. v. Hampton-Stein, et al*, Los Angeles Superior Court case no. LC086865. (Docs 8-1 and 8-7, SER, pp. 149-245, 266.)

When AFG and its attorneys learned that the transfer of Hampton-Stein's interest in the Hidden Hills property did not constitute a fraudulent conveyance under California law, appellees dismissed the action. (Doc 8-7, SER, p. 266.)

## *Proceedings Before the Court Below*

On April 13, 2010, Hampton-Stein filed a complaint in the Los Angeles Superior Court against appellees. (Doc 1-1, AER, pp. 119-133.)

Hampton-Stein's complaint consisted of three causes of action, for malicious prosecution on behalf of Hampton-Stein, individually and the Trust, for abuse of process on behalf of Hampton-Stein, individually, and the Trust, and for intentional infliction of emotional distress ("IIED") on behalf of Hampton-Stein, individually, and Jayla. (Doc 1-1, AER, pp. 119-133.)

Appellees responded to the complaint by removing the action to the United States District Court for the Central District of California; the notice of removal was filed on May 24, 2010. (Doc 1, AER, p. 135.)

Appellees filed a motion to transfer the action to the District of Idaho on June 2, 2010. (Doc 8, AER, pp. 136.)

In the meantime, appellants filed their own motion to remand the case back to the Los Angeles Superior Court. (Doc 9, AER, pp. 136-137.)

On July 30, 2010, the court below denied both appellees' motion to transfer

and appellants' motion to remand; the court below amended its July 30, 2010, order on August 4, 2010.  (Docs 28-30, AER, p. 139.)

On August 16, 2010, appellees filed their special motion to strike the complaint, pursuant to CCP §425.16, as a strategic lawsuit against public participation.  (Doc 32, AER, pp. 106-118.)

Appellants filed their opposition to the anti-SLAPP motion on August 30, 2010.  (Doc 38, AER, pp. 37-101.)

On August 31, 2010, appellees filed their request for relief from failure to comply with local rule 7-3, on the grounds that, given that appellants had taken the position that the anti-SLAPP motion was frivolous, any effort to meet and confer would have been futile.  (Doc 39, AER, pp. 34-36.)

On September 3, 2010, appellees filed their reply to appellants' opposition to the anti-SLAPP motion.  (Doc 40, AER pp. 17-33.)

On October 1, 2010, the court below granted appellees' anti-SLAPP motion and awarded appellees $7,215.00 in attorney's fees pursuant to CCP §425.16(c)(1). (Doc 42, AER, pp. 5-7.)

## SUMMARY OF ARGUMENT

Appellants do not challenge the court's finding that Hampton-Stein and the Trust failed to show a probability that they will prevail on the second cause of action for "abuse of process" since recording a *lis pendens* does not involve "process" and therefore does not give rise to an "abuse of process" claim. *Woodcourt II Limited v. McDonald Company*, 119 Cal. App. 3d 245, 252 (1981). (Doc 42, AER, p. 6.)

Appellants also do not challenge the court below's finding that Hampton-

Stein and Jayla failed to show a probability that they will prevail on the third cause of action for IIED. The court below found that appellants' "evidence fails to show that [appellees'] actions were 'calculated to cause ... mental distress,' and exceeded bounds of a decent society" and that the communications concerning the underlying fraudulent conveyance case, upon which the IIED claim was based, were subject to the litigation privilege and absolutely privileged under *Civil Code* section 47. (Doc 42, AER, pp. 6-7.)

Accordingly, the only cause of action before this Court is Hampton-Stein and the Trust's "malicious prosecution" claim, regarding which appellants challenge the court below's finding on the merits as well as the court below's exercises of discretion in allowing the motion to go forward at all. (AOB, pp. 8-17.)

The court below properly found that appellants failed to show a probability that they would prevail on the malicious prosecution claim, particularly the element of malice. (Doc 42, AER, pp. 5-6.)

Furthermore, the court below did not abuse its discretion in excusing appellees' filing of the motion more than 60 days after service of the complaint. (Doc 42, AER, pp. 4-5.)

Finally, the court below did not abuse its discretion by allowing the motion to go forward despite appellees' inadvertent failure to comply with local rule 7-3 before filing the motion; on this point, the court below agreed with appellees that the attempt to meet and confer would have been futile. (Doc 42, AER, p. 4, fn. 4.)

# LEGAL ARGUMENT

**1.   THIS APPEAL IS PREMISED UPON APPELLANTS' MISSTATEMENTS OF THE RECORD, LAW AND FACTS AS WELL AS APPELLANTS' CONCESSION THAT THE ABUSE OF PROCESS AND IIED CLAIMS HAD NO MERIT.**

Were one to read only the opening brief and nothing more, one would come away misled that appellees asserted the litigation privilege under *Civil Code* section 47(b) as a defense to appellants' "malicious prosecution" claim. (AOB, p. 17.)   However, Appellees asserted the litigation privilege as a defense to appellants' respective claims for abuse of process and IIED.  (Doc 40, AER, pp. 29:2-30:18.)

One would also be misled that appellants had any facts or evidence[4] showing what appellees "knew" at any particular point in time.

One would also be misled that appellees acted for some purpose other than to secure the relief sought in the underlying litigation.

Additionally, appellants are silent, and therefore concede that Hampton-Stein's complaint fell under §425.16(b)(1), *infra*, and that the court below was correct to find that Hampton-Stein failed to show there was a probability that appellants could prevail on the second cause of action for "abuse of process" and third cause of action for "intentional infliction of emotional distress."

---

[4]   Inexplicably, in preparing their excerpts of the record, appellants omitted the relevant evidence from Doc 8, appellees' motion to transfer appellants' case to the United States District Court for Idaho, upon which appellees relied, and in part based, the anti-SLAPP motion.  (*See,* appellees' supplemental excerpts of record.)

Thus, the only issues before this Court are whether the court should have entertained the anti-SLAPP motion and whether appellants carried their burden of establishing a probability that Hampton-Stein would prevail on the "malicious prosecution" cause of action.

The court below properly exercised its discretion to excuse appellees from compliance with local rule 7-3 and to allow the motion to be heard more than 60 days after service was effected.

The court below correctly found that Hampton-Stein cannot satisfy the malice element of the sole remaining cause of action for malicious prosecution.

The order granting the anti-SLAPP motion should be affirmed.

## 2. THE COURT BELOW ACTED WITHIN ITS DISCRETION WHEN IT ALLOWED THE ANTI-SLAPP MOTION TO GO FORWARD.

Appellants repeat for this Court the procedural arguments that appellants made before the court below regarding the timeliness of the motion and appellees' failure to comply with local rule 7-3 before filing the motion.

### a. CCP §425.16's Sixty Day Rule

Section 425.16(f) provides that the anti-SLAPP motion may be filed within sixty days of the filing of the complaint, or, at the court's discretion, at any later date. *Metabolife Int'l v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001). See, also, *New.Net, Inc. v. Lavasoft*, 356 F.Supp.2d 1090, 1100-1101 (2004) (where the case had not proceeded in any material respect, except with regard to litigation of the plaintiff's motion for a preliminary injunction, and the defendant showed prudence

by waiting to file its anti-SLAPP motion until after the court ruled on the plaintiff's motion, since, in most cases, the ruling would have resulted in voluntary dismissal of the case, the purpose of §425.16's 60 day limitation was not frustrated by allowing the motion to go forward).

The rationale behind the 60 day limitation is to require resolution of the anti-SLAPP claim at the outset of the litigation before the parties begin to incur the post-pleading expenses and to "avoid tactical manipulation of the stays that attend anti-SLAPP proceedings." *Olsen v. Harbison*, 134 Cal.App.4th 278, 287 (2005).

The court below reviewed the procedural history of the instant action and found that it was not unreasonable for appellees to wait to file their anti-SLAPP motion until after the court ruled on the appellants' motion to remand and appellees' motion to transfer the case to the United States District Court for Idaho. (DOC 42, AER, pp. 12-13.)

The court below also took into consideration the fact that, in most cases in which courts denied anti-SLAPP motions as untimely, "the delays were significant, ranging from nine months to almost two years," citing *Platypus Wear Inc. v. Goldberg*, 166 Cal.App.4th, 772 (2008), *Olsen, supra,* and *Kunysz v. Sandler*, 146 Cal.App.4th 1540 (2007)." (Doc 42, AER, p. 5.) In contrast, appellees' motion was filed less than two months after the date that the court below concluded constituted the date on which service was effected.

Appellants have not and cannot show that the court below abused its discretion in allowing the anti-SLAPP motion to go forward on the merits.

### b.    Local Rule 7-3

Appellants also posit that the court below should not have heard the anti-SLAPP motion because, before filing the motion, appellees did not meet and confer with appellants' counsel, as required under local rule 7-3.

Appellants fail to discuss the applicable standard of review. Not only does the decision whether to enforce or excuse compliance with a local rule lie within the sound discretion of the trial court, but "only in rare cases will [this Court] question the exercise of discretion in connection with the application of local rules." *United States v. Warren,* 601 F.2d 471, 474 (9th Cir. 1979).

In a footnote, the court below dismissed appellants' argument that the anti-SLAPP motion should be denied because appellees did not comply with local rule 7-3: "Based on review of the motion and related pleadings, however, it appears that **any meet and confer would have been futile**." [Emphasis added.] (Doc 42, AER, p. 4, fn. 4.)

Appellants failed to demonstrate that the court below abused its discretion in excusing appellees from compliance with local rule 7-3.

### 3.    THE EVIDENCE BEFORE THIS COURT SHOWS THAT HAMPTON-STEIN CANNOT ESTABLISH A PROBABILITY THAT APPELLANTS WILL PREVAIL ON THEIR "MALICIOUS PROSECUTION" CAUSE OF ACTION.

"The malicious prosecution tort has ancient roots. Indeed, it goes back to the 10th or 11th century in Anglo-Saxon courts where the price for losing a suit was the loss of one's tongue." *Downey Venture v. LMI Ins. Co.,* 66 Cal.App.4th 478, 494, n.21 (1998).

"[C]laims for malicious prosecution are viewed with disfavor due to their potential to exert an 'undue "chilling effect" on the ordinary citizen's willingness to . . . bring a civil dispute to court.' [Citations.] It is for this reason, as our Supreme Court has observed, that 'the elements of the tort have historically been carefully circumscribed [in California] so that litigants with potentially valid claims will not be deterred from bringing their claims to court by the prospect of a subsequent malicious prosecution claim.' [Citation.] Acknowledging that the flood of litigation in recent years has caused a reassessment of the '"disfavored" status of the malicious prosecution tort,' our high court declined the invitation to 'abandon or relax the traditional limitations on malicious prosecution recovery.' [Citations.]" *Paulus v. Bob Lynch Ford, Inc.,* 139 Cal.App.4th 659, 674 (2006).

The California Legislature enacted Code of Civil Procedure section 425.16 to curtail frivolous lawsuits. *Simmons v. Allstate Ins. Co.,* 92 Cal.App.4th 1068 (2001). The instant action, filed by appellants to punish the exercise of AFG's First Amendment rights, is such a lawsuit.

Section 425.16 begins,

"(a) The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, **this section shall be construed broadly**." [Emphasis added]

Subdivision (b) provides:

"(1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

- 14 -

"(2)   In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based."

In the court below and in the AOB, Hampton-Stein did not contest that appellants' respective claims arose from acts in furtherance of appellee AFG's right to petition the courts and therefore fell under CCP §425.16(b)(1).

Accordingly, the only burden in this appeal falls on Hampton-Stein to demonstrate that appellants established that there is a probability that Hampton-Stein and the Trust will prevail on the first cause of action for malicious prosecution.  (Doc 1-1, AER, p.128:8-10.)  *Philipson & Simon v. Gulsvig,* 154 Cal.App.4th 347, 357-358 (2007).

To meet this burden, Hampton-Stein had to establish that the "malicious prosecution" cause of action is legally sufficient (*Navellier v. Sletten*, 29 Cal.4th 82, 93 (2002)) and "supported by a sufficient prima facie showing of facts to obtain a favorable judgment if the evidence submitted by the plaintiff is credited" (*Wilson v. Parker, Covert & Chidester*, 28 Cal. 4th 811, 821 (2002)).

To show that appellants had a probability of prevailing on the first cause of action for "malicious prosecution," Hampton-Stein had to "demonstrate 'that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in . . . plaintiff's[] favor [citations]; (2) was brought without probable cause [citations]; and (3) was initiated with malice.  *Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 50."  *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal.3d 863, 871-872 (1989).  See, also, *Kajima Eng. & Const., Inc. v. City of Los Angeles,* 95 Cal.App.4th 921, 928 (2002).

- 15 -

Appellees submit that Hampton-Stein failed to meet appellants' burden because, at a minimum, appellants failed to provide the court below with facts and evidence showing that there was a probability that appellants could prevail on the elements of malice and probable cause.

    a.    **Appellees' Alleged Actions Were for a Legitimate Purpose, the Pursuit and Collection on a Debt and an Idaho Judgment, and Therefore Do Not Support Appellants' Claim That Appellees Acted with Malice.**

> "The term 'malice,' which appears throughout the law of torts, almost always refers to a reprehensible mental state. Its particular meaning, however, varies from one context to the next. As an element of the tort of malicious prosecution, malice at its core refers to an improper *motive* for bringing the prior action. [Cite omitted.] As an element of liability it reflects the core function of the tort, which is to secure compensation for harm inflicted by *misusing* the judicial system, i.e., using it for something other than to enforce legitimate rights and secure remedies to which the claimant may tenably claim an entitlement. Thus the cases speak of malice as being present when a suit is actuated by hostility or ill will, or for some purpose other than to secure relief. [Cites omitted.] It is also said that a plaintiff acts with malice when he asserts a claim with *knowledge of its falsity*, because one who seeks to establish such a claim 'can only be motivated by an improper purpose.'" [Emphasis in original.] *Drummond v. Desmarais*, 176 Cal.App.4th 439, 451-452 (2009).

Under *Drummond,* to establish malice, Hampton-Stein had to show that the underlying action was "actuated by hostility or ill will, or for some purpose other than to secure relief" or that appellees filed the underlying fraudulent conveyance case "with knowledge of its falsity. . ." Appellants failed to show that they could

establish malice; to the contrary, appellants' evidence shows that appellees acted and used the judicial system for a legitimate purpose.

In the court below, Hampton-Stein attempted to establish malice by claiming that AFG failed to maintain and sell the aircraft (Doc 38, AER, p. 57.)  At p. 6 of their AOB, appellants repeat their criticism of appellees' alleged maintenance of the aircraft but amend their original claim to add that during August 2010 (the same month that appellees filed the anti-SLAPP motion), AFG sold the aircraft.

In the court below, Hampton-Stein claimed that appellee Dunn told Hampton-Stein's husband (who was Hampton-Stein's attorney of record in the underlying action) that the "AFG board would place [Hampton-Stein] and Jayla on the streets if that's what it takes to get repayment of the AFG loan" and that "the AFG Board would 'get' [Hampton-Stein] because she had not acquiesced to AFG's positions regarding loan repayment."  (Doc 38, AER, p. 56.)  At p. 17 of the AOB, appellants repeat these allegations.

In the court below, Hampton-Stein asserted that appellees knew or should have known that there was no conveyance upon which to base a "fraudulent conveyance" claim.  (Doc 38, AER, pp. 57.)   At p. 17 of the AOB, appellants repeat this allegation as well.

However, these "facts" do not establish that appellees acted with an improper motive.

As Hampton-Stein acknowledges at p. 5 of the AOB, in addition to the money award, the Idaho judgment provided that AFG could take possession of the aircraft.  The underlying action was filed as part of AFG's efforts to collect on the money award.  The "maintenance" or decision to sell the aircraft had no bearing on AFG's right to collect on the money judgment.

Furthermore, the alleged threats to Hampton-Stein's then-attorney and husband do not evidence an improper motive. To the contrary, if made, the statements evidence that the purpose of the fraudulent conveyance action was to collect on the money that Hampton-Stein owed to AFG.

Finally, Hampton-Stein offered no evidence to the court below, nor to this Court, that appellees knew or should have known that appellees had no basis to file or maintain the underlying action. The record before the court below and this Court supports a reasonable inference that appellees voluntarily dismissed the underlying action upon discovering that the claim lacked merit, which is exactly what appellees were required to do under *Zamos v. Stroud*, 32 Cal.4th 958, 969 (2004).

Accordingly, it is respectfully submitted that Hampton-Stein failed to show that appellants had a probability of prevailing on the element of malice. The order granting appellees' anti-SLAPP motion should therefore be affirmed.

**b.** **Appellants Failed to Submit Any Competent Evidence to Show What Appellees Knew and When, or That Appellees Continued to Prosecute the Fraudulent Conveyance Case after Discovering That the Claim Lacked Merit.**

To establish lack of probable cause, Hampton-Stein repeatedly asserts in the AOB (as she did in the opposition to the anti-SLAPP motion), that appellees had no probable cause because appellees "knew there was no conveyance." (AOB, p. 13, Doc 38, AER, p. 16:15-16.)

**However, in the court below and before this Court, appellants cite to no competent evidence whatsoever as to what defendants knew at the time that**

**they filed the underlying complaint or during the brief period in which the underlying action was pending.**

The motion should have been granted on grounds that Hampton-Stein failed to demonstrate a probability that appellants could prevail on the issue of lack of probable cause as well.

## CONCLUSION

Appellants failed to show that the court below abused its discretion in entertaining appellees' anti-SLAPP motion.

Appellants concede the merits of the anti-SLAPP motion as to the purported causes of action for "abuse of process" and "intentional infliction of emotional distress."

With regard to the sole remaining cause of action for "malicious prosecution," appellants failed to meet their burden of showing a probability that they would prevail on the claim. In particular, appellants could not show that appellees acted with an improper motive in filing and pursuing the underlying fraudulent conveyance case to collect on the Idaho sister state judgment and therefore could not satisfy the "malice" element of the cause of action.

Furthermore, appellants had no competent evidence of what appellees knew regarding the merits of the underlying action when it was filed and during the brief period in which it was pending. That lack of evidence not only goes to appellants' inability to establish malice but compels a finding that there was no probability that appellants could prevail and establish lack of probable cause.

Accordingly, it is respectfully submitted that the order granting appellees' anti-SLAPP motion, terminating the action and awarding appellees their attorney's

- 19 -

fees incurred in connection with the motion should be affirmed. It is further respectfully submitted, pursuant to CCP §425.16(c)(1), that appellees should be awarded their attorney's fees incurred in connection with this appeal.

Dated: April 13, 2011                    HOLLINS & LEVY LLP


                                    By:  s/_____
                                         Byron S. Hollins
                                         Attorneys for Defendants/Appellees

# Certificate of Compliance Pursuant to FRAP Rule 32(a)(7)(C) and Circuit Rule 32-1 for Case No. 10-56573

I certify that:

Pursuant to rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure and Ninth Circuit rule 32-1 that the foregoing appellees' answering brief is proportionately spaced, has typeface of 14 points or more, and contains 4,856 words, as calculated by WordPerfect Office 4's "Word Count" function.

Dated: April 13, 2011                    s/ _____
                                                        Byron S. Hollins

# STATEMENT OF RELATED CASES

(Ninth Circuit rule 28-2.6)

There are no known related cases pending in this court.


Dated:  April 15, 2011                    s/ _____
                                              Byron S. Hollins

Docket No. 10-56573

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TRACEY HAMPTON-STEIN;
TRACEY HAMPTON-STEIN, as trustee of TAJ STEIN TRUST,
TRACEY HAMPTON-STEIN, as guardian of MICHELLE JAYLA STEIN

*Plaintiffs-Appellants*

v.

AVIATION FINANCE GROUP, LLC;
AVIATION SECURITIZATION, LLC;
HAWLEY TROXELL ENNIS & HAWLEY, LLP;
JOHN F. KURTZ, JR., STEVEN S. SCHOSSBERGER, and JERRY DUNN;

*Defendants-Appellees*

On Appeal From an Order of the
United States District Court
for the Central District of California, Western Division
Hon. R. Gary Klausner

## ADDENDUM TO APPELLEES' ANSWERING BRIEF

Byron S. Hollins
Laura M. Levy
HOLLINS & LEVY LLP
23801 Calabasas Road, Suite 100
Calabasas, CA 91301
818.223.0300
*Attorneys for Appellees*

# TABLE OF CONTENTS

## *California Statutes*

*Civil Code* section 47 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Code of Civil Procedure* section 425.16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

## *Rules*

Local Rule 7-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

# *Civil Code* section 47

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2011 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** THIS DOCUMENT IS CURRENT THROUGH URGENCY CHAPTER 14
OF THE 2011 SESSION ***
SPECIAL NOTICE: CHAPTERS ENACTED BETWEEN OCTOBER 20,
2009, AND NOVEMBER 2, 2010, ARE SUBJECT TO REPEAL BY
PROPOSITION 22.

CIVIL CODE
Division 1.  Persons
Part 2.  Personal Rights

Cal Civ Code § 47 (2011)

§ 47.  Privileged publication or broadcast

A privileged publication or broadcast is one made:

(a)      In the proper discharge of an official duty.

(b)      In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure, except as follows:

(1)      An allegation or averment contained in any pleading or affidavit filed in an action for marital dissolution or legal separation made of or concerning a person by or against whom no affirmative relief is prayed in the action shall not be a privileged publication or broadcast as to the person making the allegation or averment within the meaning of this section unless the pleading is verified or affidavit sworn to, and is made without malice, by one having reasonable and probable cause for believing the truth of the allegation or averment and unless the

allegation or averment is material and relevant to the issues in the action.

(2)    This subdivision does not make privileged any communication made in furtherance of an act of intentional destruction or alteration of physical evidence undertaken for the purpose of depriving a party to litigation of the use of that evidence, whether or not the content of the communication is the subject of a subsequent publication or broadcast which is privileged pursuant to this section. As used in this paragraph, "physical evidence" means evidence specified in Section 250 of the Evidence Code or evidence that is property of any type specified in Chapter 14 (commencing with Section 2031.010) of Title 4 of Part 4 of the Code of Civil Procedure.

(3)    This subdivision does not make privileged any communication made in a judicial proceeding knowingly concealing the existence of an insurance policy or policies.

(4)    A recorded lis pendens is not a privileged publication unless it identifies an action previously filed with a court of competent jurisdiction which affects the title or right of possession of real property, as authorized or required by law.

(c)    In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information. This subdivision applies to and includes a communication concerning the job performance or qualifications of an applicant for employment, based upon credible evidence, made without malice, by a current or former employer of the applicant to, and upon request of, one whom the employer reasonably believes is a prospective employer of the applicant. This subdivision authorizes a current or former employer, or the employer's agent, to answer whether or not the employer would rehire a current or former employee. This subdivision shall not apply to a communication concerning the speech or activities of an applicant for employment if the speech or activities are constitutionally protected, or otherwise protected by Section 527.3 of the Code of Civil Procedure or any other provision of law.

(d)

(1)    By a fair and true report in, or a communication to, a public journal, of (A) a judicial, (B) legislative, or (C) other public official proceeding, or (D) of anything said in the course thereof, or (E) of a verified charge or complaint made by any person to a public official, upon which complaint a warrant has been issued.

(2)    Nothing in paragraph (1) shall make privileged any communication to a public journal that does any of the following:

(A)    Violates Rule 5-120 of the State Bar Rules of Professional Conduct.

(B)    Breaches a court order.

(C)    Violates any requirement of confidentiality imposed by law.

(e)    By a fair and true report of (1) the proceedings of a public meeting, if the meeting was lawfully convened for a lawful purpose and open to the public, or (2) the publication of the matter complained of was for the public benefit.

History:

  Enacted 1872. Amended Code Amdts 1873-74 ch 612 § 11; Stats 1895 ch 163 § 1; Stats 1927 ch 866 § 1; Stats 1945 ch 1489 § 3; Stats 1979 ch 184 § 1; Stats 1990 ch 1491 § 1 (AB 3765); Stats 1991 ch 432 § 1 (AB 529); Stats 1992 ch 615 § 1 (SB 1804); Stats 1994 ch 364 § 1 (AB 2778), ch 700 § 2.5 (SB 1457); Stats 1996 ch 1055 § 2 (SB 1540); Stats 2002 ch 1029 § 1 (AB 2868), effective September 28, 2002; Stats 2004 ch 182 § 4 (AB 3081), operative July 1, 2005.

# CCP §425.16

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2011 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** THIS DOCUMENT IS CURRENT THROUGH URGENCY CHAPTER 14
OF THE 2011 SESSION ***
SPECIAL NOTICE: CHAPTERS ENACTED BETWEEN OCTOBER 20,
2009, AND NOVEMBER 2, 2010, ARE SUBJECT TO REPEAL BY
PROPOSITION 22.

CODE OF CIVIL PROCEDURE
Part 2. Of Civil Actions
Title 6. Of the Pleadings in Civil Actions
Chapter 2. Pleadings Demanding Relief
Article 1. General Provisions

Cal Code Civ Proc § 425.16 (2011)

**§ 425.16. Legislative findings; Special motion to strike action arising from "act in furtherance of person's right of petition or free speech under United States or California Constitution in connection with a public issue"**

(a)     The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly.

(b)

(1)     A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue

- 28 -

shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

(2)     In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

(3)     If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the case, or in any subsequent action, and no burden of proof or degree of proof otherwise applicable shall be affected by that determination in any later stage of the case or in any subsequent proceeding.

(c)

(1)     Except as provided in paragraph (2), in any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5.

(2)     A defendant who prevails on a special motion to strike in an action subject to paragraph (1) shall not be entitled to attorney's fees and costs if that cause of action is brought pursuant to Section 6259, 11130, 11130.3, 54960, or 54960.1 of the Government Code. Nothing in this paragraph shall be construed to prevent a prevailing defendant from recovering attorney's fees and costs pursuant to subdivision (d) of Section 6259, 11130.5, or 54690.5.

(d)     This section shall not apply to any enforcement action brought in the name of the people of the State of California by the Attorney General, district attorney, or city attorney, acting as a public prosecutor.

(e)     As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding

authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

(f)     The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper. The motion shall be scheduled by the clerk of the court for a hearing not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing.

(g)     All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this section. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. The court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding this subdivision.

(h)     For purposes of this section, "complaint" includes "cross-complaint" and "petition," "plaintiff" includes "cross-complainant" and "petitioner," and "defendant" includes "cross-defendant" and "respondent."

(i)     An order granting or denying a special motion to strike shall be appealable under Section 904.1.

(j)

(1)     Any party who files a special motion to strike pursuant to this section, and any party who files an opposition to a special motion to strike, shall, promptly upon so filing, transmit to the Judicial Council, by e-mail or facsimile, a copy of the endorsed, filed caption page of the motion or opposition, a copy of any related notice of appeal or petition for a writ, and a conformed copy of any order issued pursuant to this section, including any order granting or denying a special motion to strike, discovery, or fees.

(2)     The Judicial Council shall maintain a public record of information transmitted pursuant to this subdivision for at least three years, and may store the

information on microfilm or other appropriate electronic media.

History:

Added Stats 1992 ch 726 § 2 (SB 1264). Amended Stats 1993 ch 1239 § 1 (SB 9); Stats 1997 ch 271 § 1 (SB 1296); Stats 1999 ch 960 § 1 (AB 1675), effective October 10, 1999; Stats 2005 ch 535 § 1 (AB 1158), effective October 5, 2005; Stats 2009 ch 65 § 1 (SB 786), effective January 1, 2010; Stats 2010 ch 328 § 34 (SB 1330), effective January 1, 2011.

## USDC for the Central District of California Local Rule 7-3

***L.R. 7-3 Conference of Counsel Prior to Filing of Motions.***[2] In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution. If the proposed motion is one which under the F.R.Civ.P. must be filed within a specified period of time (e.g., a motion to dismiss pursuant to F.R.Civ.P. 12(b), or a new trial motion pursuant to F.R.Civ.P. 59(a)), then this conference shall take place at least five (5) days prior to the last day for filing the motion; otherwise, the conference shall take place at least ten (10) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:

"This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and am not a party to the within action; my business address is Suite 100, 23801 Calabasas Road, Calabasas, California 91302.

On the date hereinbelow specified, I served the foregoing document, described as set forth below, on the interested parties in this action by the following method(s):

Date of Service:      **April 15, 2011**

Document Served:      **APPELLEES' ANSWERING BRIEF**, including **ADDENDUM TO APPELLEES' ANSWERING BRIEF**

Counsel Served:

**Counsel for Plaintiffs-Appellants**
ERICKSON M DAVIS ESQ
LAW OFFICES OF ERICKSON M DAVIS
11574 IOWA AV #104
LOS ANGELES CA 90025
Tel:    310.231.7808
*Fax:    310.691.5809*

[ x ]    **(BY REGULAR MAIL - BUSINESS PRACTICE)** I am readily familiar with our business practice for collection and processing of correspondence for mailing with the United States Postal Service and that, under such practice, the correspondence is deposited with the United States Postal Service the same day. I placed true copies thereof, enclosed in sealed envelopes, addressed to each person on whom it is to be served, at the office address as last given by that person on any document filed in the cause, for collection and mailing on the date set forth above, following said business practices.

* * *

[ x ]    **(FEDERAL)** I declare that I am a member of the Bar of this Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed at Calabasas, California on April 15, 2011.

s/ _____
          Tracy A. Naegele